UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELENA STRUJAN,

                Plaintiff,

        -against-

MICHAEL CIOROIU – A PERSON; ALL
OTHERS UNLISTED BOTH KNOWN AND
UNKNOWN,

              Defendants.

18-CV-7469 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

      Plaintiff brings this action *pro se* and *in forma pauperis*. She invokes this Court's

jurisdiction under 28 U.S.C. § 1332. By order dated August 28, 2018, the Court granted Plaintiff

60 days' leave to amend the complaint. On September 24, 2018, Plaintiff filed an amended

complaint, to which the following discussion is addressed. For the reasons set forth below, the

Court dismisses the action for lack of subject matter jurisdiction.

## STANDARD OF REVIEW

      The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

The Court's "special solicitude," *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (per curiam), has its limits, however, because *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure. Rule 8 requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Id.* But the Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). As set forth in *Iqbal*:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Id*. (internal citations, quotation marks, and alteration omitted). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The Court assumes familiarity with its August 28, 2018 order to amend. In short, Plaintiff, a New York resident, brings this action against Defendant, who Plaintiff alleges is also a New York resident. That is still the case in the amended complaint, and it is this non-diverse

citizenship which deprives this Court of jurisdiction. Plaintiff seeks compensatory damages in the amount of $500 million.

## DISCUSSION

### I.    Subject Matter Jurisdiction

The Court lacks subject matter jurisdiction over this action. Subject matter jurisdiction, simply put, is the Court's power to adjudicate a case. The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332.

Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) (noting that "subject-matter delineations must be policed by the courts on their own initiative").

To invoke federal question jurisdiction under 28 U.S.C. § 1331, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of

federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that she and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). Diversity must be complete, which means that "no plaintiff and no defendant [may be] citizens of the same State." *Id.* In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Plaintiff does not state that she seeks relief under the Constitution or laws of the United States, and the facts that Plaintiff asserts in the complaint do not suggest the existence of a federal cause of action. And because Plaintiff alleges that Defendant is, like Plaintiff, a citizen of New York, there is not complete diversity among the parties in this action. Thus, the Court lacks diversity jurisdiction to adjudicate this matter. The Court must therefore dismiss this action without prejudice.[1] *See* Fed. R. Civ. P. 12(h)(3); *Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 123 (2d Cir. 1999) ("[W]here a court lacks subject matter jurisdiction, it also lacks the power to dismiss with prejudice."). Accordingly, Plaintiff's motion for a default judgment (ECF No. 7) is denied as moot.

---

[1] The Court takes no position on any claims that Plaintiff wishes to assert in the appropriate forum.

**II.      Leave to Amend**

Plaintiff proceeds in this matter without the benefit of an attorney. Even where a complaint suffers from fatal deficiencies, district courts generally should grant a self-represented plaintiff an opportunity to amend his or her complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because the defects in the complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend the complaint.

**CONCLUSION**

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed without prejudice for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). The Court denies Plaintiff's motion for a default judgment (ECF No. 7) as moot and instructs the Clerk of Court to terminate all pending motions in this matter.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 12, 2018
         New York, New York

_Louis L. Stanton_
Louis L. Stanton
U.S.D.J.